UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AVERY WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02374-TWP-MPB |
| ) | |
| A. REEVES, et al. ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Avery Watson, *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Because Mr. Watson is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

At all relevant times, Mr. Watson was incarcerated at Plainfield Correctional Facility in Plainfield, Indiana. Mr. Watson names the following three defendants in his complaint: (1) Warden A. Reaves, incorrectly spelled "Reeves;" (2) Wexford of Indiana, LLC ("Wexford"), incorrectly listed "Wyckford Medical;" and (3) GEO Group, Inc., incorrectly listed as "GEO Industries." Mr. Watson seeks compensatory damages.

Mr. Watson alleges in his complaint that he was taken for surgery on an unspecified date. He further alleges that he was not given adequate time to recover, that his wheelchair walker was taken, that he was placed in a top bunk, and that his reports of pain were ignored. He also alleges that he has not been allowed to be treated by outside medical providers.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Mr. Watson brings Eighth Amendment claims under § 1983 against all the defendants. He alleges that the defendants "ignored and neglected [his] needs resulting in pain and possibly permanent damage." Dkt. 1 at 3.

"Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot

be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Here, there are no allegations of wrongdoing made against Warden Reaves. Her mere position as Warden is not a sufficient basis to find her liable for deliberate indifference under the Eighth Amendment. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Any claim against Warden Reaves is **dismissed for failure to state a claim upon which relief can be granted.**

Because GEO and Wexford act under color of state law by contracting to perform a government function, *i.e.*, running a correctional institution or providing medical care to correctional facilities, they are treated as government entities for purposes of Section 1983 claims. *See Rice ex re. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). *See Glisson v. Indiana Department of Corrections,* 849 F.3d 372, 379 (7th Cir. 2017); *Jackson v. Illinois Medi-Car, Inc*., 300 F.3d 760, 766 n.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against GEO or Wexford, Mr. Watson must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. No such allegation has been made. Accordingly, any claims against GEO and Wexford are **dismissed for failure to state a claim upon which relief can be granted.**

## IV. Summary

Based on the screening standard set forth above, Mr. Watson's claims against the defendants **are dismissed for failure to state a claim upon which relief can be granted**. Mr. Watson shall have **through May 7, 2021**, to show cause why judgment consistent with this Order should not be entered.

If Mr. Watson fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date:  4/9/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

AVERY WATSON
251551
SOUTH BEND - CRC
South Bend Community Re-Entry Center
4650 Old Cleveland Rd.
South Bend, IN 46628